**Victor SWIERKOWSKI and Larry Boucher, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. S–85–0043–EJG.**

United States District Court, E.D. California.

July 5, 1985.

---

Donald B. Ayer, U.S. Atty., Yoshinori H.T. Himel, Asst. U.S. Atty., Sacramento, Cal., Charles A. Baer Trial Atty., Civil Trial Section, Central Region, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

Victor Swierkowski, and Larry Boucher, pro se.

EDWARD J. GARCIA, District Judge.

Plaintiffs have filed this complaint seeking damages for the alleged improper disclosure of tax return information; for relief from instructions from the United States to plaintiffs' employer that taxes should be withheld from plaintiffs' wages; and for the return of taxes previously withheld. The United States has filed a Motion

to Dismiss Or, In The Alternative, For Summary Judgment.

That motion came on for hearing before the undersigned United States District Judge on May 24, 1985. Plaintiffs, VICTOR SWIERKOWSKI and LARRY BOUCHER, appeared for themselves. Charles A. Baer, of the Department of Justice, and Yoshinori H.T. Himel, Assistant U.S. Attorney, appeared for defendant.

Upon consideration of the pleadings and exhibits filed in this matter, and oral argument at the hearing, the court has determined that there are no genuine issues of material fact and that the United States is entitled to judgment of dismissal as a matter of law.

■ Plaintiffs first claim that the Internal Revenue Service violated Internal Revenue Code Section 6103 (26 U.S.C.) by sending plaintiffs' employer a letter concerning the withholding of taxes from plaintiffs' wages. There is no basis in law or fact for plaintiffs' claim. When the Internal Revenue Service contacted plaintiffs concerning their withholding exemption claims, plaintiffs replied with frivolous arguments similar to those in the complaint and in the other pleadings filed by plaintiffs in this action. It was plaintiffs' lack of cooperation with the Internal Revenue Service that made the Internal Revenue Service communication necessary to ensure that withholding would properly proceed.

Internal Revenue Code Section 6103(k)(6) allows disclosure of return information in situations necessary for collection or investigation, as prescribed by regulation. In this case, the regulations allow disclosure of the nature here at issue to determine that the correct withholding rate is applied. See 26 C.F.R. Section 301.6103(k)(6)–1(b).

Further, Section 6103(a) prohibits the disclosure of confidential tax information *except* as authorized by the Internal Revenue Code. Internal Revenue Code Section 3402(m) and (n) explicitly authorize the promulgation of regulations relating to claims for withholding allowances and for exemptions from withholding. The regulations dealing with withholding prescribe what actions the IRS should take in cases such as this. Specifically, 26 C.F.R. Section 31.-3402(f)(2)–1(g)(5) instructs the IRS to furnish to an employer information of the type here at issue.[1]

The disclosure of tax information by the IRS was authorized by the Internal Revenue Code. Therefore, the United States is entitled to an order dismissing the Section 6103 portion of plaintiffs' complaint as a matter of law, and the United States will be granted summary judgment on this issue.

■ Plaintiffs next argue that their rights to due process were abridged by the actions of the IRS disclosing their tax status and requiring withholding without affording them an administrative hearing. Plaintiffs' complaint shows that they were not denied due process. The IRS afforded plaintiffs notice that it considered their claims to be exempt from withholding to be incorrect, and gave them an opportunity to submit information to support their claims. Plaintiffs responded by sending the IRS some 200 pages of documents asserting that the income tax laws did not apply to them. The IRS did not deprive plaintiffs of an opportunity to be heard or of due process. Accordingly, the United States is entitled to summary judgment on this issue as well.[2]

The United States argues that the remaining allegations of plaintiffs' complaint should be dismissed for lack of jurisdiction over their subject matter. These arguments are well taken, and the court will dismiss the remainder of the complaint.

---

**1.** Furthermore, a complaint seeking damages for improper disclosure of tax information must plead facts sufficient to establish bad faith. *See Davidson v. Brady,* 732 F.2d 552, 553 (6th Cir. 1984).

**2.** As the actions by the IRS concerned the collection of taxes, and review of the withholding instructions would obstruct tax collection, it appears that the Anti-Injunction Act (Internal Revenue Code Section 7421) would bar review of the IRS determination by this Court, except in the context of a suit for refund.

Plaintiffs seek a determination of their tax liability and allege that the IRS improperly determined that they were persons subject to taxation. Congress has provided two, and only two, procedures by which the legality of assessment and collection of a tax may be determined: a proceeding before the Tax Court; or payment of the disputed tax and institution of a refund suit in the District Court. As plaintiffs have failed to follow either of these routes, this Court has no jurisdiction over their claims. *Thompson v. United States,* 308 F.2d 628, 634 (9th Cir.1962).

Plaintiffs also allege the commission of common law torts by the United States. The Federal Tort Claims Act (28 U.S.C. §§ 2671 and 2680) is the exclusive remedy for recovery of damages caused by tortious conduct of an agency of the United States. *Federal Deposit Insurance Corp. v. Citizens Bank and Trust Company,* 592 F.2d 364, 370–372 (7th Cir.1979), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37. The Federal Tort Claims Act excludes claims arising with respect to the assessment and collection of any tax or for liability for intentional torts, including libel and slander. 28 U.S.C. Section 2680(c) and (h). Thus, this court has no jurisdiction over such claims.

Plaintiffs seek an injunction against collection of further withholding taxes. The Anti-Injunction Act (Internal Revenue Code Section 7421) precludes this Court from exercising jurisdiction over such a claim. Accordingly, that allegation must also be dismissed.

The United States has requested an award of costs pursuant to Federal Rules of Civil Procedure Rule 54(d). An award of costs is appropriate in this case. The United States shall submit a bill of costs within 10 days of the entry of judgment hereon, pursuant to Local Rule 292.

The United States has also requested an award of attorneys' fees pursuant to 28 U.S.C. Section 2412(b) and Fed.R.Civ.P. 11. Such an award is discretionary on the part of the Court. This case meets the threshold condition of frivolousness for an award of attorneys' fees as set out in Rule 11 and *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). However, this case is fresh and there has been only a small amount of litigation in it. The court will exercise its discretion not to grant attorneys' fees in this case at this time.

Accordingly, it is hereby ORDERED as follows:

1. The United States' motion for summary judgment dismissing plaintiffs' claims in regard to the alleged improper disclosure of tax information and to the alleged denial of due process by the Internal Revenue Service is GRANTED.

2. The remainder of plaintiffs' claims are dismissed for lack of jurisdiction.

3. The United States will be awarded its costs, upon submission of a proper bill of costs under Local Rule 292.

4. The Clerk shall enter judgment hereon.