**Lawrence J. FIGUR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87–0737.**

United States District Court, N.D. California.

May 19, 1987.

Day Law Corp., Montie S. Day, Oakland, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Chief Tax Div., San Francisco, Cal., for defendant.

ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CONTI, District Judge.

Plaintiff brings this action pursuant to 26 U.S.C. § 7431 of the Internal Revenue Code ("the Code"). Plaintiff asserts that defendant violated 26 U.S.C. § 6103 by making an unauthorized disclosure of "return information."

On July 22, 1985, U.S. Attorney Joseph P. Russoniello filed a criminal information charging plaintiff with conspiracy to defraud the United States and tax evasion. Plaintiff plead guilty to both counts. On the same day, the U.S. Attorney's Office issued a press release summarizing the charges against plaintiff contained in the criminal information. Plaintiff alleges that the U.S. Attorney's July 22, 1985 press release amounted to an illegal disclosure of his return information.

This matter is presently before the court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. Defendant contends its press release, based soley on information contained in the public record, does not amount to an unauthorized disclosure of plaintiff's return information. In the alternative, defendant maintains its issuance of the press release resulted from defendant's good faith interpretation of the applicable statutes. Plaintiff moves for partial summary judgment arguing that defendant's press release does amount to an unauthorized disclosure of return information notwithstanding its foundation in the public record.

Summary judgment is proper only when there is no genuine issue of material fact or when, viewing the evidence in the light most favorable to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir. 1985). Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Weighing evidence, determining credibility, and drawing inferences from facts remain jury functions which may not be undertaken by the trial judge. *See, Anderson v. Liberty Lobby, Inc.*, —— U.S. ——, 106 S.Ct. 2505, 2516, 91 L.Ed.2d 202 (1986).

26 U.S.C. § 7431(a)(1) authorizes civil actions against the United States "if any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103...." No liability shall arise under § 7431 with respect to any disclosure which results from a good faith, but erroneous interpretation of § 6103. 26 U.S.C. § 7431(b).

> Section 6103 of the Code provides that: [r]eturns and return information shall be confidential, and except as authorized by this title ... no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

26 U.S.C. § 6103(a). Section 6103(b)(2) defines "return information" broadly, "encompassing any information gathered by the IRS regarding a person's tax liability." *Johnson v. Sawyer*, 640 F.Supp. 1126, 1131 (S.D.Tex.1986). More specifically, "return information" includes a taxpayer's identity and the nature, source and amount of a taxpayer's income and liabilities. 26 U.S.C. § 6103(b)(2)(A). Section 6103(b)(8) defines "disclosure" as "the making known to any person in any manner whatever a return or return information." Section 6103's prohibition against disclosure of returns and return information has a number of statutory exceptions. One exception authorizes disclosure of return information "in a Federal or State judicial or administrative proceeding pertaining to tax administration." 26 U.S.C. § 6103(h)(4).

■ In the present case, several issues are not in dispute. First, plaintiff does not dispute defendant's right to disclose plaintiff's return information in the criminal information. Such a disclosure falls directly within the statutory exception allowing for disclosures in judicial proceedings dealing with a taxpayer's criminal liability. *See,* 26 U.S.C. § 6103(h)(4). Second, plaintiff does not dispute that any return information contained in the criminal information became a matter of public record. *See, Nixon v. Warner Communications,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978) (what transpires in open court is a matter of public record). Lastly, the parties do not dispute that defendant's July 22, 1985 press release contained return information. The press release disseminated information concerning plaintiff's identity, income and liabilities gathered by the IRS. *See,* 26 U.S.C. § 6103(b)(2). Thus, the central issue is whether defendant's press release disseminating plaintiff's return information contained in the public record violates § 6103.

■ The court finds that § 6103 does not prevent defendant from issuing a press release reporting return information contained in the public record. Congress enacted § 6103 to protect taxpayers' "reasonable expectation of privacy" in the information provided to the government through the voluntary assessment system. S.Rep. No. 938, 94th Cong., 2d Sess. 317, *reprinted in* 1976 U.S. Code Cong. & Admin. News 2897, 3747. To that end, § 6103(a) pronounces that "[r]eturns and return information shall be confidential." 26 U.S.C. § 6103(a). However, once return information has been disclosed in a judicial proceeding, a taxpayer has no reasonable expectation of privacy in that information. *United States v. Posner,* 594 F.Supp. 930, 936 (S.D.Fla.1984). Thus, as to return information in the public record, § 6103(a)'s directive to keep return information confidential is moot.[1] For example, a government official cannot "disclose" or "make known" return information in the public record. The act of "disclosure" presupposes confidentiality or at least limited access to the material revealed. By its very na-

---

**1.** Apparently, Congress recognized this conclusion when setting up safeguards protecting the confidentiality of return information. Section 6103(p)(4) requires government agencies to establish certain confidential safeguards as a condition for the receipt of return information. However, this requirement for confidential safeguards does not apply to return information disclosed in a judicial proceeding and thus made a part of the public record. 26 U.S.C. § 6103(p)(4).

ture, information in the public record is not confidential, and once disclosed to the public, cannot regain its confidentiality. *Cooper v. IRS*, 450 F.Supp. 752, 755 (D.C.1977).

Plaintiff contends that the government can dislcose return or return information only in those situtations outlined in § 6103. Plaintiff cites as authority *Rodgers v. Hyatt*, 697 F.2d 899 (10th Cir.1983). In *Rodgers*, the defendant argued that return information in the public record lacked confidentiality and thus could be disseminated without violating § 6103. The Tenth Circuit rejected the defendant's argument defining the issue as follows:

> [t]he issue in this case ... is not the loss of "confidentiality" or "privacy" but, rather, whether under the circumstances, Hyatt made an unauthorized disclosure of tax return information in violation of § 6103. Even assuming the loss of confidentiality in the content of the statement, we hold the ... disclosure was unauthorized.

*Rodgers*, 697 F.2d at 899; *see also, Johnson v. Sawyer*, 640 F.Supp. 1126, 1128–1132 (S.D.Tex 1986) (court found press release containing return information in public record an unauthorized disclosure under § 6103) *and, Malis v. U.S.*, 87–1 Stand.Fed. Tax Rep. (CCH) ¶ 9212, at 87,351 (C.D.Cal. 1986) (court concluded that return information in public record "does not preclude liability for later unauthorized disclosures of the identical return information").

The court rejects plaintiff's contention. *Rodgers* and its progeny ignore the mootness of protecting the taxpayer's privacy concerning return information contained in the public record. Instead, these cases apply § 6103 mechanically disregarding the section's *raison d'etre:* to protect the taxpayers' "reasonable expectation of privacy." *See e.g., Johnson*, 640 F.Supp. at 1132–33. In addition, these cases all assume that "disclosure" of publically held information is possible. As previously explained, the act of "disclosure" or "making known" presupposes confidentiality or at least limited access to the material disclosed. By its very nature, information in the public record is not confidential and is freely accessible to anyone. *See e.g., Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1974).

Plaintiff also asserts that defendant did not derive all his return information released to the press from the public record. Plaintiff does not state specifically what information contained in the press release he questions.

The court finds no merit in plaintiff's assertion. Comparison between the criminal information and the press release shows that all return information contained in the press release derived from the criminal information. *See*, Declaration of Robert C. Fourr ¶¶ 11–15, Exs. A & C.

Lastly, plaintiff argues that the court should allow him more time for discovery.

The court rejects plaintiff's argument. In deciding this matter, the court relies on facts either undisputed or lacking substantial controversy. Therefore, the court finds any discovery contemplated by plaintiff immaterial.

Accordingly, the court grants defendant's motion for summary judgment and denies plaintiff's motion for partial summary judgment. To sum, the court finds that a governmental press release disseminating return information contained in the public record does not violate § 6103. The court further finds that defendant's July 22, 1985 press release disseminated return information already in the public record.

In accordance with the foregoing, it is hereby ordered that:

(1) defendant's motion for summary judgment is granted; and,

(2) plaintiff's motion for partial summary judgment is denied.