Paul F. THOMAS, Plaintiff,

v.

UNITED STATES of America, and the Lake Country Reporter Incorporated, a Corporation formed under the laws of the State of Wisconsin, Defendants.

No. 87–C–589.

United States District Court, E.D. Wisconsin.

Sept. 21, 1987.

**16**

Paul Thomas, pro se.

Douglas Hagerman, Foley & Lardner, Milwaukee, Wis. for defendant, Lake Count Reporter Inc.

William Dean, U.S. Dept. of Justice, Washington, D.C., for defendant, U.S.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Plaintiff commenced this suit against the United States and a local newspaper, The Lake Country Reporter. Plaintiff alleges that both the newspaper and the Internal Revenue Service (IRS) wrongfully disclosed plaintiff's confidential tax return information in violation of 26 U.S.C. § 6103. Lake Country Reporter has filed a motion to strike plaintiff's brief in opposition to the motion to dismiss, which will be denied. Plaintiff filed this motion pro se. Given that fact, plaintiff's technical errors can be excused. Both defendants have filed motions to dismiss the complaint for failure to state a cause of action, and such motions will be granted.

The court must view all of plaintiff's allegations in the light most favorable to the plaintiff. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 605–06 (7th Cir.1987). Considering all of the plaintiff's allegations as true, I find that he could present no set of facts that would entitle him to relief.

The alleged wrongful disclosure came in the form of a news release issued by the IRS and later published verbatim by the Lake Country Reporter. The news release summarized the results of tax court proceedings initiated by the plaintiff. The information in the news release was taken directly from the tax court's reported decision and from the stipulation between the plaintiff and the IRS; the stipulation was filed with the tax court.

Basically, plaintiff's argument is that the right to public record information is not an absolute right. This generalization is accurate to a point, but has no application to the case at bar. Plaintiff initiated a lawsuit in tax court and made a public record of his tax return information by doing so. Plaintiff cannot now complain that his privacy was invaded by the public disclosure of a trial court decision. The information became public information when introduced in the public proceeding. There could be no wrongful public disclosure of a private fact when the fact was no longer private.

The United States Supreme Court stated that "[a] trial is a public event. What transpires in the courtroom is public property.... Those who see and hear what transpired can report it with impunity." *Craig v. Harney*, 331 U.S. 367, 374, 67 S.Ct. 1249, 1254, 91 L.Ed. 1546 (1947). Once tax return information enters the public domain, the taxpayer no longer has any privacy interests in that information. *See United Energy Corp. v. United States*, 622 F.Supp. 43 (D.C.Cal.1985); *United States v. Posner*, 594 F.Supp. 930 (S.D.Fla.1984); and *Figur v. United States*, 662 F.Supp. 515 (N.D.Cal.1987).

In the case at bar, the origin of the published tax information was the reported decision of the tax court and a stipulation of the parties. Both are public documents. Plaintiff has no privacy interests in the public documents and cannot state a claim for invasion of privacy. Neither the IRS nor the newspaper can be held accountable for the publication of public facts.

The plaintiff's complaint was signed by Mr. Thomas, and the court is satisfied that the plaintiff did so without making reasonable inquiry to determine that his pleading was well grounded in fact. It is patently clear that this complaint is wholly devoid of any semblance of merit and that its allegations and claims are not warranted by existing law.

Pursuant to Rule 11, Federal Rules of Civil Procedure, the plaintiff shall be obliged to pay the costs incurred by the defendant, Lake Country Reporter, plus the sum of $500 as attorneys' fees. The plaintiff shall also be obliged to pay double costs to the United States. *See Peth v. Breitzmann,* 611 F.Supp. 50, 57 (E.D.Wis. 1985).

Therefore, IT IS ORDERED that Lake Country Reporter's motion to strike the plaintiff's brief be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motions to dismiss the complaint be and hereby are granted.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed upon its merits, with costs to the defendants. Such costs shall be imposed against the plaintiff pursuant to Rule 11, Federal Rules of Civil Procedure, and shall include attorneys' fees of $500 in favor of the defendant, Lake Country Reporter, and double costs in favor of the defendant, United States.