**Paul W. HUSBY and Gina L. Husby, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. C–87–1604 SAW.

United States District Court, N.D. California.

Nov. 6, 1987.

Montie S. Day, Oakland, Cal., for plaintiffs.

Joseph Russoniello, U.S. Atty., Jay Weill, Asst. U.S. Atty., Tax Div., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This is an action by taxpayers Paul and Gina Husby under 26 U.S.C. § 7431 for unauthorized disclosure of tax return information by the Internal Revenue Service (IRS). Defendant United States moves for summary judgment, and plaintiffs file a cross motion for partial summary judgment on the issue of liability, as well as a motion for sanctions.

The material facts are not in dispute. The Internal Revenue Service admits error in its deficiency assessment against plaintiffs and in its subsequent collection activity, including levies on plaintiffs' assets. The sole question is whether plaintiffs are entitled to damages under the civil remedies provision of the Internal Revenue Code, 26 U.S.C. § 7431, providing that

> If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return in-

formation with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C.A. § 7431(a)(1) (West Supp.1987).

Section 6103 sets forth the general rule that returns and return information are confidential and that officers and employees of the United States shall not disclose such information "except as authorized by this title." 26 U.S.C.A. § 6103(a).

## BACKGROUND

On March 11, 1986, the Commissioner of the Internal Revenue Service mailed plaintiffs a Notice of Deficiency for alleged income taxes due and owing for 1982. On June 9, 1986, plaintiffs filed a Petition with the United States Tax Court, seeking a redetermination of the deficiency. The IRS filed an answer on August 6, 1986.

On September 1, 1986, the IRS made an assessment against plaintiffs for the alleged deficiency, demanding payment of some forty-seven thousand dollars. Defendant admits that, under 26 U.S.C. § 6213(a), this assessment should not have been made, because plaintiffs had filed the said Petition with the Tax Court. On September 19, 1986, plaintiffs' counsel notified the IRS in writing that the assessment was illegal and cautioned that any liens or attempts to levy pursuant to the invalid assessment might constitute unauthorized disclosure in violation of 26 U.S.C. § 6103.

On October 6, 1986, the IRS acknowledged receipt of the September 19 letter, informing plaintiffs that their inquiry was being forwarded to another IRS office.

By notice dated November 10, 1986, the IRS made further demand for payment. On November 13, plaintiffs' counsel once again wrote to the IRS, warning of possible violations of § 6213 and § 6103. Soon thereafter, plaintiffs' counsel received a telephone call from Ms. Debra K. Estrem, an attorney for the IRS, acknowledging the mistake by the IRS and assuring that no further collection activity would occur. Ms. Estrem also requested that plaintiffs' counsel inform her immediately if further bills were received.

In spite of all this, the IRS on December 15 again demanded payment in satisfaction of the alleged deficiency. On January 16, 1987, plaintiff Paul Husby and his counsel met with an appeals officer of the IRS—a Mr. Whitman—in connection with the Tax Court Petition. At that meeting, plaintiffs' counsel again stated plaintiffs' position that the assessment was illegal and that plaintiffs were willing to pursue judicial action to prevent disclosure of tax information to third parties.

On January 19, plaintiffs received yet another notice and demand for payment. Plaintiffs' counsel responded on February 4, 1987, with a letter to Mr. Whitman, again warning that seizing of plaintiffs' assets pursuant to the illegal assessment would trigger action by plaintiffs under 26 U.S.C. § 7431. Included with this letter was a copy of the January 19 demand letter.

Despite this series of exchanges between plaintiffs, their counsel, and the IRS, the IRS on March 23, 1987 served a notice of levy on the San Francisco Police Credit Union and collected funds of $3,789.53 held by plaintiffs. On April 3, 1987, another notice of levy was served, this time on L.F. Rothschild Unterberg Towbin, a stockbroker.

On April 7, plaintiffs obtained an order from this Court, enjoining defendant from

(A) Disclosing or presenting to third parties tax return information as described in Title 26 United States Code, Section 6103, whether in the form of a lien, levy, or other demand, or information relating to any proposed income tax liability for the calendar year 1982;

(B) From liening, leving [sic], taking, receiving, seizing or otherwise appropriating or collecting assets of the plaintiffs for satisfaction of any income tax liability for the calendar year 1982;

During the hearing preceding issuance of the order, the IRS admitted that the original assessment and all collection activity pursuant to it were in error.

Soon after the issuance of the order, yet another notice of levy was served on L.F. Rothschild Unterberg Towbin. Also on April 13, the IRS filed a Notice of Federal Tax Lien Under Internal Revenue Law in the County of Marin.

On April 17, the IRS refunded to plaintiffs the $3,789.53 collected from the San Francisco Police Credit Union.

On April 23, the IRS served a release of levy on the Bank of America, Gina Husby's employer, and the San Diego Gas & Electric Company. Whether any levy had originally been served on these two companies is not clear. On April 30, the Marin County lien was released.

The government in its affidavits blames the IRS computer system for the problems.

The parties' cross motions for summary judgment raise three issues for this Court: (1) whether the information disclosed by the IRS was already a matter of public record and therefore not entitled to confidential treatment under § 6103; (2) whether the disclosures were authorized under § 6103(k)(6); and (3) whether the good faith exception of § 7431(b) applies to relieve defendant of liability.

## CONFIDENTIALITY OF THE DISCLOSED INFORMATION

■ Defendant does not contest that the information disclosed was "return information" within the scope of § 7431. Instead defendant argues that plaintiffs' Tax Court Petition, which is a matter of public record, already disclosed the taxpayers' names, social security numbers, and the fact that plaintiffs owed the government back taxes. According to defendant, "all of the information which is the subject of this action was a matter of public record in the Tax Court," and therefore "such information no longer retains its confidential nature under Section 6103(a)." Defendant's Memoran-

dum in Support of Motion for Summary Judgment at 13.

Defendant's contention is factually inaccurate. The Tax Court Petition does *not* disclose that plaintiffs owe the government back taxes. That is the very issue to be decided by the Tax Court. As plaintiffs point out, significant information disclosed by defendant was not contained in the Tax Court Petition. There was no public record of outstanding tax assessments against plaintiffs until defendant's disclosure. The existence of the liens and levies could not have been disclosed by plaintiffs in their Petition, since such liens and levies did not exist at the time of the filing. Defendant was the first to disclose this information.

This Court cannot agree with defendant that the filing of a Tax Court Petition containing only taxpayers' names and social security numbers changes all of taxpayers' return information from confidential to non-confidential, thereby extinguishing all expectations of privacy under § 6103.[1] If defendant's reading of § 6103 were adopted, taxpayers could either challenge government notices of deficiency by filing Petitions with the United States Tax Court, or they could enjoy the protections of § 6103 against unauthorized disclosure, but *not both*. Under defendant's theory, once the Petition is filed, all return information related to the dispute becomes fair game for IRS disclosure, § 6103 notwithstanding. Congress could not have intended such an absurd result.

## AUTHORIZATION UNDER § 6103(k)(6)

■ Defendant argues that § 6103(k)(6) authorizes the actions taken by the IRS. That subsection reads, in pertinent part:

An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the inter-

1. The Court finds persuasive the reasoning in *Rodgers v. Hyatt* that § 6103 protection does not turn on the confidential or non-confidential status of the information disclosed, but on whether the disclosure was *authorized* under § 6103. Even if the information at issue had been previously disclosed in a court proceeding between taxpayers and the government, that should not remove the prohibition against government disclosure absent some express authorization.

In any event, because *the information at issue in this case had not been previously disclosed*, the Court need not reach the issue presented in *Rodgers*.

nal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liabilities for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.

The plain language of this subsection authorizes only disclosures which are *necessary* in obtaining information related to official duties. The disclosures at issue clearly were not necessary to official duties because the underlying assessment was improper.

Defendant asserts that once an assessment is made, whether proper or improper, § 6103(k)(6) authorizes employees of the IRS to disclose as necessary. This argument was rejected by the Eighth Circuit in *Rorex v. Traynor,* 771 F.2d 383 (8th Cir. 1985) (Disclosure pursuant to an unlawful levy violates § 6103(a) and is not authorized under § 6103(k)(6)). The Court there reasoned that to ignore the legality of the underlying levy would allow IRS employees to "disclose information about any taxpayer simply by making the disclosure in the form of a notice of levy." *Id.* at 386.

Defendant argues that since taxpayers are barred by 26 U.S.C. § 7426 from bringing actions for wrongful levies, they should not be allowed a collateral attack under § 7431: "If, as plaintiffs contend, wrongful disclosure damages actions can be brought by taxpayers under Section 7431 whenever a levy or lien is determined to be defective, a flood of previously prohibited litigation could result." Defendant's Memorandum at 11.

First of all, plaintiffs nowhere contend that wrongful disclosure actions should be permitted *any* time a levy or lien is determined to be defective. Moreover, this Court in holding that defendant's disclosures were not authorized under § 6103(k)(6) because of the illegality of the underlying assessment will not cause a downpour of "previously prohibited litigation" which defendant fears. The case at hand presents no problem as to collateral attack of a levy or assessment. All parties agree that the assessment was in error. Long before the first disclosure to a third party was made, defendant had already admitted that the original assessment should not have been made. Even after defendant admitted before this Court that the assessment and subsequent collection activity were improper, disclosure was made in the form of a tax lien. The provisions of § 6301(k)(6) do not authorize disclosures made *after* the government admits that the underlying assessment was in error.

As the disclosures at issue violated § 6103(a), that requirement for bringing action under § 7431 is satisfied. The other requirement is that the disclosure be made knowingly or negligently. Defendant does not contest negligence. Therefore, the Court finds Defendant United States liable under § 7431(a)(1) as a matter of law.

GOOD FAITH DEFENSE
UNDER § 7431(b)

 Subsection (b) of § 7431 provides that

No liability shall arise under this section with respect to any disclosure which results from a good faith, but erroneous, interpretation of section 6103.

Defendant contends that since the disclosures were the result of honest mistakes, the good faith defense should apply. However, § 7431(b) does not create a general good faith defense; on its face it applies only to good faith *misinterpretations* of § 6103. Defendant fails to explain who, if anyone, made any such interpretation of that statute, or what the erroneous interpretation might have been.

Moreover, defendant's general position as illustrated in its memoranda and affidavits is that this unfortunate incident was really nobody's fault, that a computer is to blame. Likewise, it is clear from defendant's submissions that no one made any interpretation of § 6103. The IRS cannot collectively qualify as having made a good faith but erroneous interpretation of § 6103. Therefore, the good faith defense is not available.

## PLAINTIFFS' MOTION FOR SANCTIONS

As defendant's motion was not frivolous under Fed.R.Civ.P. Rule 11, that cannot serve as a basis for granting plaintiff's motion for sanctions. As to plaintiffs' fees and costs in obtaining the Court order which defendant subsequently violated, the Court finds that sanctions at this time are not the appropriate vehicle for obtaining such relief. Plaintiffs will be allowed ample opportunity to prove damages, including costs and fees, at trial.

Accordingly,

IT IS HEREBY ORDERED that

(1) plaintiffs' motion for summary judgment as to defendant's liability is GRANTED;

(2) defendant's motion for summary judgment is DENIED; and

(3) plaintiffs' motion for sanctions is DENIED.