Edward C. MESSINGER,
et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. HAR–90–303.

United States District Court,
D. Maryland.

July 22, 1991.

Peter Driscoll, Columbia, Md., for plaintiffs.

Richard D. Bennett, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., Edward J. Snyder, Michael J. Kearns, Michael J. Salem, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Presently before this Court are cross-Motions for Summary Judgment filed by the parties in this case. The issues have been fully briefed. The material facts are not in dispute. A full hearing was held on these Motions in open court.

### FACTS

On December 29, 1988, the Internal Revenue Service's ("IRS") Philadelphia Service Center issued to Plaintiffs Edward C. Messinger and Joan S. Messinger ("Messingers") a Notice of Proposed Changes to Income (Form CP–2000). The notice advised Plaintiffs that employers, banks, and other payors of interest and dividend income had reported $7,469 of income to the IRS attributable to the Messingers that was not listed on the Messingers' 1986 federal income tax return. This unreported income was paid to accounts bearing the same taxpayer identification number as that used by the Plaintiffs on their 1986 federal tax return.[1]

---

1. The IRS uses a person's social security number as an individual's taxpayer identification number. 26 U.S.C. § 6109(d).

In a letter to the IRS' Philadelphia Service Center dated January 27, 1989, Plaintiffs informed the IRS that:

the interest and dividends listed on the notice was [sic] not earned by Mr. Messinger. It was paid to Mr. Messinger's mother and reported by her on her federal income tax return. This issue has arisen and been resolved for each of the tax years 1981, 1983, 1984, and 1985.

Complaint, Exhibit B. However, this letter offered no explanation as to why the income had been reported as having been paid to accounts under the Messingers' taxpayer identification number.

On March 30, 1989, the IRS issued a notice of deficiency to the Messingers in the amount of $3,148 for unpaid taxes in 1986. Complaint, Exhibit C. Ten days later, the IRS acknowledged Plaintiffs letter of January 27. Plaintiffs were requested to supply as soon as possible "the actual recipients name, address, and social security number" for the disputed income. Complaint, Exhibit D.

The Messingers filed a petition with the United States Tax Court on June 23, 1989, seeking redetermination of the deficiency. Complaint, Exhibit E. The District Counsel for the IRS filed an answer to this petition on August 22, 1989. A month later, the IRS' Philadelphia Service Center issued a "Statement of Change to Your Account" for the 1986 tax year, listing the claimed deficiency along with penalty and interest.

Plaintiffs' counsel notified both the Service Center and the IRS' District Counsel of the pending tax court proceeding on September 28, 1990. In that letter, counsel stated that he believed that the IRS might be liable under 26 U.S.C. §§ 6103, 7431, and 7213 should any backup withholding notices for the asserted delinquency be issued. Complaint, Exhibits I–1, I–2. He further advised the District Counsel that this case "simply involves a mistaken social security number." Complaint, Exhibit I–2. However, Plaintiff did not provide the IRS with the proper name, address and social security number of the proper payee of the disputed income as requested in the IRS'

letter of April 10, 1989. The IRS responded that it was looking into the situation.

On October 30, 1989, the IRS issued a "Reminder of Unpaid Tax." The notice requested immediate payment of the delinquency and stated the possibility that "backup withholdings" would begin. Plaintiff responded two days later, again expressing concern over the institution of withholdings and possible disclosure violations.

Two weeks later, District Counsel Trial Attorney Michal Cline wrote Plaintiffs' counsel, advising him that she was attempting to fix the assessment which had been made against the Plaintiffs for their 1986 taxes through a priority adjustment. Complaint, Exhibit M. Despite these efforts, a notice of backup withholding for the 1990 tax year was sent to the Messingers on December 26, 1990. Notices were also sent to all payors of interest and dividends instructing them to withhold income at the rate of 20 percent. Complaint, Exhibit N.

Plaintiffs then instituted this lawsuit claiming that the IRS sent out notices to 41 institutions and that the issuance of these notices was a violation of the disclosure provisions contained in § 6103 of the Internal Revenue Code, 26 U.S.C. § 6103. The Messingers further allege that the IRS violated 26 U.S.C. § 7431, claiming that the notices amount to gross negligence. Pursuant to § 7431(c)(1)(A), Plaintiffs seek $1,000 for each notice sent, along with $20,-000 in punitive damages for each disclosure. Complaint, paragraph 32.

The IRS filed for summary judgment, claiming that it is specifically authorized under 26 U.S.C. § 3406 to instruct financial institutions that a taxpayer is subject to backup withholdings. Therefore, the IRS states, the sending of notices was not contrary to the disclosure provisions of the IRS Code. 26 U.S.C. § 6103.

Plaintiffs responded three days later with their own Motion for Summary Judgment. The Messingers claim that as a matter of law, the mailing of withholding notices to the financial institutions while a case was pending in U.S. Tax Court amounted to unlawful disclosure under 26

U.S.C. § 6103. Plaintiffs claim damages as codified in 26 U.S.C. § 7431. The Messingers further claim that the IRS did not follow the procedural requisites found in 26 U.S.C. § 3406, and therefore, cannot avail themselves of that provision to justify the sending of the withholding notices.

## DISCUSSION

Summary judgment will be granted when "there is no genuine issue as to any material fact, and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The underlying facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Courts do not "weigh the evidence and determine the truth of the matter." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510. The mere existence of a "scintilla of evidence" is not enough to frustrate a motion for summary judgment. In order to defeat a motion for summary judgment, the pleadings must show evidence in which the finder of fact could reasonably find for the party opposing judgment. *Id.,* 477 U.S. at 252, 106 S.Ct. at 2512; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

### A. Defendant's Motion for Summary Judgment:

A significant issue not raised by the parties involves the confidential nature of the released information. Congress recognized the inherent privacy interest of taxpayers when it enacted 26 U.S.C. § 6103(a), which provides that tax return and return information shall be confidential.[2] The right to bring suit for breach of confidentiality is secured under § 7431 of this Internal Revenue Code.

■ It is axiomatic that in order to bring suit for breach of confidentiality, the information allegedly published without consent cannot have previously been made public in a legitimate manner. Any previous public use of the information divests the taxpayer of her privacy interest. Thus, in many instances, courts have granted judgment against a taxpayer breach of confidentiality suit where the information is already public. *See, e.g., William E. Schrambling Accountancy Corp. v. United States,* 937 F.2d 1485 (9th Cir.1991); *Lampert v. United States,* 854 F.2d 335, 337–38 (9th Cir. 1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1931, 104 L.Ed.2d 403 (1989); *Thomas v. United States,* 671 F.Supp. 15 (E.D.Wis. 1987), *aff'd,* 890 F.2d 18 (7th Cir.1989) (news release by United States using information taken from Tax Court proceeding does not violate § 6103); *United Energy Corp. v. United States,* 622 F.Supp. 43, 46 (N.D.Cal.1985) (U.S. Attorney's disclosure of information disclosed in court proceeding did not violate § 6103); *United States v. Posner,* 594 F.Supp. 930, 936 (S.D.Fla. 1984); *Cooper v. I.R.S.,* 450 F.Supp. 752, 755 (D.D.C.1977).

This holding is not universal. Several courts have found that the revealing of tax information previously made public in a lawsuit does not divest the information of confidentiality under the statute. *See*

---

**2.** Section 6103(a) provides that:

**(a) General rule.**—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

(2) no officer or employee of any State, any local child support enforcement agency, or any local agency administering a program listed in subsection (1)(7)(D) who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

*Rodgers v. Hyatt,* 697 F.2d 899, 906 (10th Cir.1983); *Chandler v. U.S.,* 687 F.Supp. 1515, 1517–20 (D.Utah 1988); *Husby v. U.S.,* 672 F.Supp. 442, 444 n. 1 (N.D.Cal. 1987); *Johnson v. Sawyer,* 640 F.Supp. 1126, 1132–33 (S.D.Tex.1986); *Olsen v. Egger,* 594 F.Supp. 644, 646 (S.D.N.Y.1984); *Dowd v. Calabrese,* 101 F.R.D. 427 at 438–39 (D.D.C.1984).

Courts which have found that taxpayers maintain expectations of confidentiality despite disclosure of return information generally base this ruling upon a strict reading of § 6103. This Court considers the inflexible reasoning found in these cases to be unreasonable. Once a document becomes part of a public record, common sense dictates that any expectations of confidentiality are extinguished. Accordingly, this Court finds any information revealed in a public record to be devoid of confidentiality under § 6103.

■ In the case at bar, Plaintiffs have filed an action in Tax Court prior to the release of return information by the IRS. The return information which the Messingers contend was disclosed without authorization was necessarily included in the materials presented before this Tax Court. Thus, this Court finds that there was no expectation of privacy that could be attached to the material divulged by the IRS. Accordingly, Defendant's Motion for Summary Judgment will be granted.

■ Alternatively, this Court agrees with the IRS' contention that, under 26 U.S.C. § 3406(c)(1), the government was authorized to release the return information to the financial institutions. The statute specifies that the IRS may notify payors of reportable interest or dividend payments of the requirement to deduct and withhold interest or dividends for payee underreporting with respect to interest and dividends if:

(A) the Secretary determines with respect to any payee that there has been payee underreporting,

(B) at least 4 notices have been mailed by the Secretary to the payee (over a period of at least 120 days) with respect to the underreporting, and

(C) in the case of any payee who has filed a return for the taxable year, any deficiency of tax attributable to such failure has been assessed....

*Id.* The statute further specifies that there is "payee underreporting" when "for any taxable year the Secretary determines that—

(A) the payee failed to include in his return of tax under chapter 1 for such year any portion of a reportable interest or dividend payment required to be shown on such return, or

(B) the payee may be required to file a return for such year and to include a reportable interest or dividend payment in such return, but failed to file such return."

26 U.S.C. § 3406(c)(2).

It is clear that the IRS is authorized under this section to make certain disclosures of tax information. In fact, the ultimate validity of the underlying assessment is irrelevant to the IRS' right to make such disclosures. *Cf. Flippo v. United States,* 670 F.Supp. 638, 642 (W.D.N.C.1987), *aff'd without opinion,* 849 F.2d 604 (4th Cir. 1988); *Swierkowski v. United States,* 620 F.Supp. 149, 150 (E.D.Cal.1985), *aff'd without opinion,* 800 F.2d 1145 (9th Cir.1986). Thus, Title 26 U.S.C. § 3406(c)(1) allows the IRS to disclose the return information in question, provided that it met the specific requirements set forth in the statute.

There is no dispute that the IRS determined that the Messingers had underreported their income. Likewise, the IRS met the notice requirement by sending the Messingers four separate notices of deficiency over a period of at least 120 days. Separate notices were sent on March 30, 1989; September 28, 1989; October 30, 1989; and on December 26, 1989.[3] Plaintiffs' main contention is that the IRS does not meet the third requirement for disclo-

---

**3.** In addition, the Messingers also received a Notice of Proposed Change of Income on De-

cember 28, 1988.

sure under § 3406(c) due to the filing of a Tax Court claim which should have stayed further enforcement proceedings. 26 U.S.C. § 6213(a).[4]

To properly assess this argument, the Court must look at the broader context of the purpose behind the non-disclosure provisions. When Congress enacted § 6103, it was understandably concerned with the many potential abuses for which return information may be used. It recognized that an expectation of confidentiality was essential for our voluntary tax assessment system to function properly. Congress sought to balance this need against the legitimate needs of government to obtain and use return information for proper enforcement proceedings. *See* Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1976, 94th Cong., 2nd Sess. at 314–15. *See also, Flippo,* 670 F.Supp. at 642.

From this, it may be concluded that "Section 7431 is not intended to interfere with the collection actions to be taken by revenue officers in performing their tasks to collect delinquent taxes." *Flippo,* 670 F.Supp. at 642. Although the IRS may have been mistaken in continuing collection efforts while a Tax Court case was under way, "the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue." *Id.,* at 643.

Accordingly, this Court finds that the provisions of § 6213(a) are not relevant to the question before this Court. The actions of the IRS were authorized by the Code in § 3406(c). Although the levy may have been invalid, this does not alter the IRS' authority to make the disclosures. Defendant's Motion for Summary Judgment is granted.

**B. Plaintiffs' Motion for Summary Judgment:**

Since by this Memorandum this Court grants Defendant's Motion for Summary Judgment, there is no need to explore Plaintiffs' contentions. However, this Court wishes to emphasize that it would deny the Messingers' Motion for Summary Judgment even if the IRS' Motion were not to be granted.

Except as authorized in the Internal Revenue Code, Title 26 of the United States Code, tax returns and return information are confidential. 26 U.S.C. § 6103(a). Return information is broadly defined in § 6103(b).[5] A taxpayer's right to bring suit against the government for breach of this confidentiality is set forth in 26 U.S.C. § 7431(a)(1):

> **(1) Disclosure by employee of United States.**—If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or

---

4. There can be no doubt that the IRS should not have levied upon the assessment. Section 6213(a) states, in pertinent part, that:

> Except as otherwise provided ... no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted ... if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

5. § 6103(b)(2) states that:

> The term "return information" means—
> (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or

collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
> (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,
> but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer. Nothing in the preceding sentence, or any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

In order to support a civil action against the government under § 7431(a)(1), plaintiff must establish that the disclosure of a tax return or return information was done either knowingly or negligently and that the information is not of the type which the Secretary of IRS and his lawful delegates are authorized to disclose. *See Flippo,* 670 F.Supp. at 641.

 Plaintiffs essentially contend that the fact that the IRS revealed return information makes a *prima facie* case that the IRS was negligent. *See Husby, supra.* (granting summary judgment on liability against government for IRS disclosure of return information not authorized under the Title). This Court disagrees. Plaintiffs still must make an affirmative showing of negligence. A mere showing of an unauthorized disclosure will not suffice, nor will improper disclosure be found if the disclosure results solely from computer error. *Christensen v. United States,* 733 F.Supp. 844, 854 (D.N.J.1990), *aff'd without opinion,* 925 F.2d 416 (3rd Cir.1991). This would be a matter better determined at trial than in a motion for summary judgment.

Furthermore, even if the divulging of return information is *prima facia* evidence of negligence, the IRS would have to be given an opportunity to rebut the presumption. The IRS has presented evidence that the accounts against which the IRS assessed the deficiencies carried Mr. Messinger's tax identification number. They also contend that the Messingers' explanation for the deficiencies was incomplete and unsatisfactory under the applicable Treasury Regulations. *See* 26 C.F.R. § 35a.3506–2(g)(2). This raises factual issues concerning the reasonableness of the IRS' actions which might rebut any presumption of negligence.

After reviewing the facts in the light most favorable to the Defendant, this Court would not conclude as a matter of law that the divulgence of Plaintiffs' tax information was done either knowingly or negligently. These are issues which would be better resolved by a finder of fact after fully reviewing the evidence. *Cf. Chandler, supra.* (finding negligent disclosure of return information under § 6103 after bench trial); *Flippo, supra.* (finding no negligent disclosure as a matter of law following bench trial). Accordingly, Plaintiffs' Motion for Summary Judgment is also denied on these separate grounds.