**WILLIAM E. SCHRAMBLING AC-COUNTANCY CORPORATION,**
**Plaintiff–Appellee,**

v.

**UNITED STATES of America,**
**Defendant–Appellant.**

**Harold E. ALLEN, Plaintiff–Appellee,**

v.

**UNITED STATES of America,**
**Defendant–Appellant.**

**Nos. 88–2495, 90–15348.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 1, 1990.

Decided July 5, 1991.

**1486**

Nancy Morgan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

David M. Kirsch, San Jose, Cal., for plaintiffs-appellees.

Before CHAMBERS, SCHROEDER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

These consolidated appeals present two issues. First, whether tax return information that is included in notices of federal tax liens recorded in a California County Recorder's office, and in a bankruptcy petition filed by the taxpayer, is confidential within the meaning of 26 U.S.C. § 6103. Second, if the tax return information was confidential within the meaning of that section, whether the disclosure of that information in improperly issued notices of levy may give rise to liability under 26 U.S.C. § 7431. We have jurisdiction under 28 U.S.C. § 1291. Because we decide that the tax return information was no longer confidential we do not decide the second issue.

## FACTS AND PROCEEDINGS

### A. *Schrambling v. United States.*

In 1979, appellee William E. Schrambling Accountancy Corporation ("Corporation") became delinquent in paying federal employment taxes and filing corporate income tax returns. In May, 1984, Revenue Officer Cheryl Matthews was assigned to collect the Corporation's delinquent taxes and tax returns. In June, 1984, Matthews delivered a Final Notice and Demand pursuant to 26 U.S.C. § 6331(d), to William Schrambling, the President and sole shareholder of the Corporation. The notice covered delinquent employment taxes for six tax quarters in 1981 and 1982.

On October 4, 1984, the Corporation's case was reassigned to Revenue Officer Charles Stegner. On October 9, 1984, Stegner mailed sixteen notices of levy to banks. On November 6, 1984, Stegner mailed notices of levy to the twenty-two largest accounts receivable of a partnership of which the Corporation was a partner. On November 20, 1984, and November 21, 1984, Stegner mailed notices of levy to the remaining fifty-five accounts receivable of the partnership. (The notices of levy issued on November 6, 20, and 21 are hereinafter "November levies"). Prior to issuing the November levies, Stegner obtained an update on the Corporation's tax liabilities which identified additional taxes and tax periods for which the Corporation owed taxes. Stegner listed these additional taxes and tax periods on the November levies. The November levies thus included tax return information not listed on the June Notice of Final Demand issued by Matthews. The government concedes that the failure to notify the Corporation of the intent to levy for these additional periods and taxes violated 26 U.S.C. § 6331(d).

Notices of federal tax lien were recorded against the Corporation with the San Francisco County Recorder on four dates in 1982 and 1984 disclosing the name of the Corporation, the taxes and tax periods involved, the dates of assessment, the Corporation's tax identification number, and the unpaid balance of the assessments. It is undisputed that the information disclosed in the November notices was disclosed in the recorded notices of tax lien.

On November 19, 1986, the Corporation filed a complaint for damages pursuant to section 7431 of the Internal Revenue Code. This section provides a private cause of action for damages against the United States "[i]f any officer or employee of the United States knowingly, or by reason of negligence, discloses any return information with respect to a taxpayer in violation of any provisions of Section 6103." 26 U.S.C. § 7431. Section 6103(a) provides the general rule that "[r]eturns and return information *shall be confidential*, and except as authorized by this title ... no officer or employee of the United States, ... shall disclose any return or return information...." 26 U.S.C. § 6103(a) (emphasis added). The Corporation alleged that issuing the November levies constituted an unauthorized disclosure of confidential tax information. The Corporation sought compensatory damages in the amount of $847,000 and punitive damages in the amount of $847,000 against both Stegner and the government. Stegner was voluntarily dismissed as a party on December 17, 1984.

The government moved for summary judgment, contending that the disclosed return information was no longer confidential because of the recording of federal tax liens in the San Francisco County Recorder's office. Such recording, the government claimed, made the information a matter of public record to which no reasonable expectation of privacy could attach. The district court denied the motion and a motion for reconsideration.

After a court trial, the district court held that the Corporation's claim based on the twenty-two notices of levy sent on November 6, 1984, were barred by the statute of limitation. *William E. Schrambling Accountancy Corp. v. United States*, 689 F.Supp. 1001, 1006 (N.D.Cal.1988). As to the remaining fifty-five notices, the district court held that the disclosure of tax return information in the improper November levies violated 26 U.S.C. § 6103. *Id.* at 1007. The district court found the government liable for $55,000 in damages. *Id.* at 1008.

B. *Allen v. United States.*

Appellee Harold Allen owed federal income taxes for years 1980 through 1983. Assessments for these taxes were made in March, 1984. Two notices of federal tax liens were recorded in the Santa Clara County Recorder's Office in 1984. A wage levy was issued to Allen's employer for the 1980 assessment.

On November 3, 1988, Allen filed a petition under Chapter 7 of the Bankruptcy Code. The government was enjoined from collecting from the plaintiff for any claim that arose prior to the bankruptcy filing. On November 9, 1988, the government released the wage levy. On November 20, 1988, the Internal Revenue Service ("IRS") issued a new wage levy for the 1980 assessment. This levy was released on December 20, 1988. A third levy was issued on December 11, 1988, to Allen's bank.

In March, 1989, Allen and the government filed a stipulation in Allen's bankruptcy case that the 1980 assessments were dischargeable. On April 24, 1989, the government mailed a "Final Notice of Intention to Levy" to Allen concerning the 1980 assessment. On April 26, 1989, Allen filed suit seeking damages under 26 U.S.C. § 7431. On May 2, 1989, Allen sent the government a letter advising of Allen's bankruptcy and included the stipulation discharging his tax liability. On May 28, 1989, the government issued a fourth levy to Allen's bank.

It is not disputed that the first levy, issued prior to the institution of bankruptcy proceedings, was proper. It is also undisputed that the second and third levies were issued in violation of 11 U.S.C. § 362(a)(6) (bankruptcy petition operates as a stay of any collection, assessment, or recovery of a claim against the debtor arising prior to commencement of the bankruptcy case). The government does not contest the district court's finding that the fourth levy violated 26 U.S.C. § 6331. The information in each of the three improper levies appeared in the notice of tax lien recorded in the Santa Clara County Recorder's Office and in Allen's bankruptcy petition.

In granting Allen's, and denying the government's, motion for summary judgment, the district court stated, "since there is no necessity or authority to issue an

invalid levy, disclosure of information in an invalid levy constitutes violation of § 6103." The court also held that the prior publication of the disclosed information in recorded tax liens and in Allen's bankruptcy petition did not destroy the confidential nature of the information.

## ANALYSIS

■ Disclosure of return information that is not confidential does not violate Section 6103. *Lampert v. United States,* 854 F.2d 335, 338 (9th Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1931, 104 L.Ed.2d 403 (1989). A prerequisite to liability under Section 7431, therefore, is the confidentiality of the disclosed information.

■ In the present cases, the return information disclosed by the federal tax levies was previously disclosed in notices of federal tax liens recorded in the County Recorder's office. In *Allen* the information was also disclosed in Allen's petition for bankruptcy. In both cases, the government argued in motions for summary judgment that the recording and bankruptcy filing made the information a matter of the public record and therefore no longer confidential.

Disclosure of the information by the recording of the lien is provided for statutorily. *See* 26 U.S.C. §§ 6321, 6323(a), (f). The government argues that such authorized disclosure destroys the confidential nature of the information and the government cannot, as a matter of law, be liable under Section 6103 for a later, even if unauthorized, disclosure of the information. The government relies on several cases holding that once tax return information enters the public domain, the information is no longer confidential. *See Lampert v. United States,* 854 F.2d 335, 338 (9th Cir.1988) ("Once tax return information is made a part of the public domain, the taxpayer may no longer claim a right of privacy in that information"); *Thomas v. United States,* 671 F.Supp. 15, 16 (E.D. Wis.1987) ("[o]nce tax return information enters the public domain, the taxpayer no longer has any privacy interests in that information"), *aff'd,* 890 F.2d 18 (7th Cir. 1989); *United States v. Posner,* 594 F.Supp. 930, 936 (S.D.Fla.1984) (once federal tax return information "is in the public domain ... the entitlement to privacy is lost"), *aff'd,* 764 F.2d 1535 (11th Cir.1985); *Cooper v. I.R.S.,* 450 F.Supp. 752, 755 (D.D.C.1977) (documents properly released to the tax court "became part of the public record, thereby losing all semblance of confidentiality").

The district courts disagreed. In *Schrambling,* the court distinguished the above cases from the present case because they each involved an initial disclosure in *judicial proceedings.* In *Lampert, supra,* for example, the Ninth Circuit decided three cases (*Lampert v. United States, Peinado v. United States,* and *Figur v. United States* ). In *Lampert,* the government filed an action seeking an injunction against the defendant's promotion and sale of abusive tax shelters. The U.S. Attorney and the Internal Revenue Service later issued press releases relating to the action. In *Peinado,* the U.S. Attorney issued press releases announcing that the defendant pled guilty to tax evasion and was sentenced. In *Figur,* the U.S. Attorney issued a press release summarizing tax evasion charges against the defendant. In each case there was an initial disclosure of information in a judicial proceeding which was authorized under the Internal Revenue Code, and a later disclosure (press release) that was not specifically authorized by the Code. The taxpayers brought actions under Section 7431 alleging the press releases wrongfully disclosed confidential information. This court held that "if a taxpayer's return information is lawfully disclosed in a judicial proceeding ... the information is no longer confidential and may be disclosed again without regard to Section 6103." *Lampert,* 854 F.2d at 337–38.

The *Schrambling* district court found *Lampert* and other similar cases distinguishable from the present case by reasoning, while "[t]he decision to bring a criminal prosecution is governed by strong institutional constraints[,] ... a notice of lien is a relatively informal matter. It does not begin an adversarial proceeding and is not subject to judicial review."

This reasoning is unpersuasive. The relevant inquiry should focus on whether the prior authorized disclosure, here the re-

cording of a tax lien, destroys the confidential nature of the information. We are concerned with the *effect* of recording the lien, not its "informality." Documents filed in the county recorder's office in California are public records. These records are open for public inspection at all times the office is open and "every citizen has a right to inspect" them. Cal.Gov't Code § 6253 (West Supp.1990).

Indeed, the purpose of recording the lien, unlike including the information in court documents, is to place the public on notice of the lien. The act of recording "provides constructive notice of the contents of the documents creating the [lien]." *Bluxome Street Assoc. v. Fireman's Fund Ins. Co.*, 206 Cal.App.3d 1149, 1158, 254 Cal.Rptr. 198 (1988) (citing Cal.Civ.Code § 1213 providing that lien "recorded as prescribed by law from the time it is filed with the recorder for record is constructive notice of the contents thereof to subsequent purchasers and mortgagees"). Recording the information in the County Recorder's office thus exposes the information to as much, if not greater, publicity than publication in a judicial proceeding. We find, therefore, that the information placed on file at the Recorder's Office is "no longer confidential and may be disclosed again without regard to section 6103." *Lampert*, 854 F.2d at 338.

In *Allen*, the district court did not separately analyze the effect on the confidential nature of tax return information by the recording of tax liens and by Allen's inclusion of the information in his bankruptcy petition. The district court attempted to distinguish *Lampert* by reasoning, "[i]t was a government official *other than* the I.R.S. which broadcasted information made public in a criminal proceeding." *Lampert* is thus "at odds" with this case, the court stated, because here "it was the *I.R.S. itself* which disclosed the tax return information."

The district court's attempt to distinguish *Lampert* is erroneous. First, contrary to the district court's reading of the facts in *Lampert*, a disclosure by the I.R.S. *was* at issue. Although most of the disclosures were made by the U.S. Attorneys Office, one disclosure was also made by the I.R.S. *Lampert*, 854 F.2d at 336. No distinction was made in *Lampert* between the disclosures made by the U.S. Attorneys Office and that made by the I.R.S. Also, no such distinction is made by Section 6103. That section provides that "no *officer or employee of the United States* ... shall disclose any return or return information...." 26 U.S.C. § 6103(a) (emphasis added). Section 7431 similarly refers to "any officer or employee of the United States." 26 U.S.C. § 7431(a)(1).[1] The statute is thus not intended to be applied differently to I.R.S. employees than it is to other government employees as the district court apparently believed.

The effect of the inclusion of the disclosed information in Allen's previously filed bankruptcy presents a separate wrinkle in the *Allen* case. *Lampert*, even if interpreted narrowly, is clearly controlling. "Once information is lawfully disclosed in court proceedings, '§ 6103(a)'s directive to keep return information confidential is moot.'" *Lampert*, 854 F.2d at 338 (quoting *Figur v. United States*, 662 F.Supp. 515, 517 (N.D.Cal.1987)). The fact that the taxpayer, unlike the taxpayers in *Lampert*, initiated the judicial proceedings lends additional strength to the government's argument that the information was no longer confidential. Also, the filing of the information in bankruptcy court proceedings makes the information no less public than records in other court proceedings. "[A] paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107.

## CONCLUSION

The recording of a federal tax liens in the County Recorder's Office and the filing

---

1. This language is contrasted with the language used in Sections 7432 and 7433. These sections provide a civil damage remedy for failure to release improper liens, 26 U.S.C. § 7432, and for unauthorized collection activities, 26 U.S.C. § 7433. These statutes apply, unlike Section 7431, only if the improper activity was by an "officer or employee of the *Internal Revenue Service*." 26 U.S.C. §§ 7432(a), 7433(a) (emphasis added).

of a bankruptcy petition places information in the liens and petition in the public domain. Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431. In the present cases the information disclosed in the improper levies was previously placed in the public domain and the government cannot, therefore, be liable for such disclosure under Section 7431. We do not reach the question of whether improperly issued levies, containing confidential tax return information, may constitute a violation of Section 6103.

The judgments as to both appellees are reversed for entry of judgments in favor of the United States.

REVERSED.