949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maynard V. HILL, Plaintiff-Appellant,
v.
UNITED STATES of America, SECRETARY OF TREASURY, Defendant-Appellee.
 No. 91-35055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 10, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maynard Hill challenges the efforts of the Internal Revenue Service to assess and collect federal incomes taxes for the 1983, 1984, and 1985 tax years. The primary basis for his challenge is that the IRS failed to follow the proper procedures in assessing and collecting the tax. He requests: (1) an order enjoining the IRS from collecting and enforcing the assessment against him; (2) an order quieting title to his property; and (3) damages for the improper release of his tax information. The district court granted summary judgment. We affirm.
 
 
 3
 We review de novo a grant of summary judgment. Maisano v. United States, 908 F.2d 408, 409 (9th Cir.1990).
 
 I.
 
 4
 Hill argues for reconsideration of the court's denial of his order requiring the IRS to "release all of the invalid liens and levies," and enjoining the agency "from collecting on or seeking to enforce by lien, levy, sale or otherwise" any tax liability assessed. His assertions concerning the procedural defects in the tax assessment process do not fall within either the statutory or judicial exceptions to the Anti-Injunction Act. 26 U.S.C. § 7421 (1988). The Anti-Injunction Act precludes suits "for the purpose of restraining the assessment or collection of any tax ... by any person...." 26 U.S.C. § 7421(a). We affirm the court's finding that it lacked jurisdiction over Hill's action to restrain collection of his taxes.
 
 II.
 
 5
 In his quiet title action under 28 U.S.C. section 2410, Hill alleges that the IRS made four errors in assessing his tax liability. To bring a quiet title action, however, he must show a waiver of sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). Section 2410 waives the government's immunity in cases brought to "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien."
 
 
 6
 Yet, a district court does not have jurisdiction under section 2410 to hear challenges to the merits of a tax assessment. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). Hill's first three arguments, which concern the invalidity of computer generated assessments, the failure of tax returns to support the assessments, and the violation of the statute of limitations in making the assessments, relate to the assessments' merits and may not be raised in an action under section 2410.
 
 
 7
 Although Hill's fourth contention that he did not receive a notice and demand for payment serves as a basis for a quiet title action under section 2410, the record indicates that he did receive notice. The IRS submitted the Certificate of Assessments and Payments which shows that Hill received a notice and demand for the tax and that the IRS properly assessed his property. He argues that the Certificate is insufficient proof that the IRS properly assessed his property. This argument fails. "Official certificates are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made." United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984).
 
 III.
 
 8
 Hill argues that he should have damages for the IRS's unauthorized disclosure of his tax return information. Tax returns and tax information are confidential and the IRS may not disclose them except as the Code provides. 26 U.S.C. § 6103 (1988). If a taxpayer can prove a knowing or negligent violation of this rule, they can recover, at minimum, $1,000 in damages for each violation. 26 U.S.C. § 7431.
 
 
 9
 The IRS issued the liens and levies in connection with Hill's assessed tax liabilities. 26 U.S.C. § 6103(k)(6). Because the disclosures were made to effectuate the liens and levies necessary to collect his tax liabilities, they did not violate the Code. See Maisano, 908 F.2d 408, 410-411 (9th Cir.1990); Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir.1991) (filing of lien places tax information in public domain, but does not result in liability on the government for its disclosure).
 
 
 10
 We have considered and reject as without merit Hill's arguments concerning the denial of his pretrial motions.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3