William E. **ROWLEY** and Ellen L. Rowley, Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 93–CV–74284 DT.

United States District Court, E.D. Michigan, Southern Division.

Aug. 11, 1994.

Sanford N. Lakin, Southfield, MI, for plaintiffs.

Peter A. Caplan, Asst. U.S. Atty., Detroit, MI, for defendant.

### MEMORANDUM AND ORDER

COHN, District Judge.

#### I.

■ This is a tax case. Plaintiffs, William and Ellen Rowley (the Rowleys), allege that the Internal Revenue Service (IRS), wrongfully disclosed their tax return information during the course of advertising a public auction of property seized from them to pay a tax obligation. The property was later returned, and the auction not held. The Rowleys seek damages under 26 U.S.C. § 7431(a), which makes the government liable for civil damages for the unauthorized disclosure of a taxpayer's return information.[1] Now before the Court is the government's motion for summary judgment. For the reasons which follow, the **motion is GRANTED.**

#### II.

In 1982, the Rowleys filed a tax return claiming deductions from the Booker Album Partnership. The IRS subsequently disal-lowed the deductions. A dispute arose as to how much tax was owed, and the Rowleys petitioned the Tax Court for a determination of how much tax they owed. The Tax Court entered a consent decision on December 14, 1990, settling the amount of tax due for 1982. The IRS sent Notices and Demands for Payment to the Rowleys on January 1, 1990, February 19, 1990, July 30, 1990, and December 3, 1990. A final Notice and Demand for Payment and a Notice of Intent to Levy were sent to the Rowleys on January 7, 1991. There is no proof that the Rowleys ever received the Notice of Intent to Levy.

On October 9, 1991, Revenue Officer Emily Ebaugh (Ebaugh) of the IRS post of duty at Defiance, Ohio, was assigned to collect the unpaid tax liability. At a meeting with the Rowleys on December 23, 1991, Ebaugh told the Rowleys that the IRS was considering seizing and selling their one-half interest in an unfinished cabin in Oscoda County, Michigan (the Oscoda property).

Because the Oscoda property was located within the Detroit District of the IRS, Ebaugh requested assistance from the Detroit District. In January, 1992, Revenue Officer Ernie Kozlowski (Kozlowski) of the Alpena post of duty was assigned to assist Ebaugh. Kozlowski filed a Notice of Federal Tax Lien with the Oscoda County Register of Deeds on February 7, 1992. The Notice disclosed, among other things, the names and address of the Rowleys, the kind of tax owed, the period for which the tax was owed, and the unpaid balance of the assessment. On March 6, 1992, Kozlowski seized the Rowleys' interest in the Oscoda property. On the same date, Kozlowski sent a Notice of Seizure, Levy Notice, and Notice of Administrative Appeal Rights to an IRS Seizure Action to Ebaugh for service on the Rowleys.

---

1. 26 U.S.C. § 7431(c) states:
    **Damages.**—In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of—
    (1) the greater of—
    (A) $1,000 for each act of unauthorized disclosure of a return or return information with respect to which such defendant is found liable, or

    (B) the sum of—
    (i) the actual damages sustained by the plaintiff as a result of such unauthorized disclosure, plus
    (ii) in the case of a willful disclosure or a disclosure which is the result of gross negligence, punitive damages, plus
    (2) the costs of the action.

Ebaugh personally served the Rowleys at their home on March 17, 1992.

In a letter dated March 27, 1992, William Rowley instituted an administrative appeal of the seizure under a pilot program then in place in the Detroit District of the IRS. The basis for the appeal was that the Rowleys did not receive a Notice of Intent to Levy. In response to the Rowleys' appeal, the IRS released its seizure of the Oscoda property. In its letter to the Rowleys responding to their appeal, the IRS wrote: "After a careful review of the facts you presented us, we found that you did not receive proper notice on your liability with us." The Oscoda property was released on April 9, 1992. The letter notifying the Rowleys that the property was released was dated April 27, 1992.

Prior to the IRS' decision to release the Oscoda property, Kozlowski placed an advertisement in the April 5, 1992, edition of the Sunday *Detroit Free Press* and *Detroit News* in an effort to sell the property. This advertisement did not contain the name, address, legal description of the property or any other taxpayer information. A second advertisement ran in the April 7, 1992, edition of the *Oscoda County Herald.* This advertisement contained the Rowleys' names, the legal description of the property, and stated that the property had been seized for non-payment of federal taxes.[2] The IRS office in Alpena received inquiries from interested purchasers, and sent an information package that contained the details of the property to be sold, the property's legal description, the names of the taxpayers from whom the property was seized, and indicated that the property had been seized for nonpayment of federal taxes.

### III.

The Rowleys assert that the IRS wrongfully disclosed their tax return information in violation of 26 U.S.C. § 6103. Twenty-six U.S.C. § 6103 titled "Confidentiality and dis-

closure of returns and return information" provides that as a general rule "[r]eturns and return information shall be confidential, and except as authorized by this title," no officer or employee of the United States "shall disclose any return or return information obtained by him in any manner in connection with his service as such as an officer or an employee or otherwise." An exception to the general rule of confidentiality is that IRS officers or employees may disclose return information as necessary in connection with collection activity. 26 U.S.C. § 6103(k)(6).[3] Another exception to the rule of confidentiality in place in some circuits is that tax information that has been lawfully disclosed may subsequently be disclosed without violating the Internal Revenue Code (IRC). See discussion below. The Rowleys argue that because the collection activity of the IRS here was improper, the disclosure of their return information in the course of that activity was also improper. The Rowleys say their return information was disclosed in both the newspaper advertisement placed by Kozlowski in the *Oscoda County Herald,* in conversations with and information packages mailed to prospective buyers, and in notices of sale posted at the property.

The government moves for summary judgment on four grounds: (1) that the IRS' collection activity was proper and complied with all relevant statutory notice provisions; (2) that the disclosures that were made were authorized by the IRC in the course of legitimate collection activity; (3) that the information that was disclosed was already a matter of public record, so the IRS cannot be liable for wrongfully disclosing the information; and (4) even if the disclosures were not authorized, they were made in good faith.

### IV.

#### A.

■ The government argues that even though the Oscoda property was ultimately

---

**2.** Because the advertisement in the *Detroit Free Press* and *Detroit News* did not contain any return information, only the advertisement in the *Oscoda County Herald* will be considered here.

**3.** Twenty-six C.F.R. § 301.6103(k)(6)–1(b)(6), which implements 26 U.S.C. § 6103(k)(6), states that disclosures of return information may be

made in order to obtain necessary information relating to the application of "the provisions of the [Internal Revenue] Code relating to the establishment of liens against [a delinquent taxpayer's] assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability [under the internal revenue laws]."

released to the Rowleys, the collection activity was proper. The government says that the ultimate release of the property was based on a failure to comply with internal guidelines, not statutory requirements. The government argues that this does not make the seizure improper.

The IRC requires that notice be given before property is seized. The relevant statutory section requires that notice be given no less than thirty days before the day of the levy. 26 U.S.C. § 6331(d).[4] Notice may be given in person, left at the dwelling or place of business of the taxpayer, or sent by registered or certified mail to the taxpayers's last known address, no less than thirty days before the day of the levy. *Id.* Under Section 56(12)1.1 of the Internal Revenue Manual,[5] notice must also be received within 180 days prior to a seizure. Because the Rowleys were not given notice within 180 days of the seizure,[6] the IRS says, it decided to release the Oscoda property.

The Internal Revenue Manual's provision that a taxpayer must be given a Notice of Intent to Levy within 180 days prior to a seizure is an internal guideline for IRS agents; it does not create or confer any rights upon a taxpayer. *United States v. Will,* 671 F.2d 963, 967 (6th Cir.1987). If an action of the IRS meets the requirements of the IRC, failure to observe an internal IRS guideline does not give rise to a cause of action by a taxpayer.

Here, the government says the IRS mailed a Notice of Intent to Levy on January 7, 1991. If properly sent, this notice would comply with the statutory thirty day require-

ment. The affidavit of William Rowley asserts the Rowleys never received the Notice of Intent to Levy. The government has submitted the Declaration of Louise J. Dorothy, a Revenue Officer Advisor in the Special Procedures Branch, Collection Division, in the Detroit Division of the IRS. Her declaration states that the IRS's computer records show that "On January 7, 1991, a Final Notice and Demand for Payment and Notice of Intent to Levy was generated by the Cincinnati Service Center and sent to [the Rowleys]." *Declaration of Louise J. Dorothy* (Dorothy). Although the IRC requires that a notice sent by mail be registered or certified, 26 U.S.C. § 6331(d), the IRS has not provided any registered or certified mail receipt. And although Dorothy's declaration is undisputed, it only indicates that notice was "sent" by some means on January 7, 1991; it does not establish that it was sent via registered or certified mail. It is also undisputed on the current state of the record that the Rowleys did not receive the January 7, 1991, notice. As a result, whether or not the Rowleys were given proper notice under 26 U.S.C. § 6331(d) implicates a question of material fact.

### B.

The government argues that because the IRS collection activity met all the statutory requirements, the collection action was proper. See discussion above. Therefore, the government argues, any taxpayer information disclosed during the collection action was authorized under 26 U.S.C. § 6335(b),[7] because the IRS may disclose return informa-

---

4. The IRS also must give notice to a taxpayer of liability for an unpaid tax within sixty days of its making an assessment of the tax under 26 U.S.C. § 6303(a). The Rowleys do not dispute that this notice requirement was fulfilled.

5. The Internal Revenue Manual contains internal guidelines for revenue officers. The relevant section states: "Except in unusual circumstances, such as jeopardy conditions, the revenue officer will ensure that the taxpayer has received a notice of intent to levy within the last 180 days prior to the seizure action. If not, a new notice will be issued." Internal Revenue Manual § 56(12)1.1(2). This guideline is an internal regulation, not a statute.

6. The IRS says that the Notice of Intent to Levy was sent on January 7, 1991. Even if it was received by the Rowleys, it was received more than 180 days prior to the seizure of the Oscoda property.

7. Twenty-six U.S.C. § 6335(b) provides in part: "The Secretary shall as soon as practicable after the seizure of the property give notice to the owner, in the manner prescribed in subsection (a), and shall cause a notification to be published in some newspaper published or generally circulated within the county wherein such seizure is made.... Such notice shall specify the property to be sold, and the time, place, manner, and conditions of the sale thereof."

tion as necessary in connection with collection activity. 26 U.S.C. § 6103(k)(6).

Whether or not the IRS provided the Rowleys with proper notice before seizing the Oscoda property is an issue of material fact. See discussion above. Accordingly, the government's argument that the disclosure of the Rowleys tax information was authorized at the time it was made, as a disclosure made in connection with authorized collection activity, may also involves issues of material fact.

The government also argues that even if its collection activity was not authorized, procedural errors in the collection process, such as a failure to give proper notice, do not subject the IRS to liability for the disclosure of return information. In support of its contention, the IRS cites four cases it says stand for the proposition that "defects in the collection procedures do not subject the IRS to liability for disclosures of return information made in lien notices and levies." *Huff v. United States*, 10 F.3d 1440, 1447 (9th Cir. 1993); *Farr v. United States*, 990 F.2d 451, 455 (9th Cir.1993); *Messinger v. United States*, 769 F.Supp. 935, 939 (D.Md.1991); *Flippo v. United States*, 670 F.Supp. 638, 642–43 (W.D.N.C.1987). Even if the cases stand for the broad proposition for which the IRS cites them, they do not resolve the issue here. The complained of disclosures here were not made in lien notices or levies, but in a published newspaper advertisement, in conversations with and information packages sent to prospective buyers, and in notices of sale posted at the Oscoda property. The Court need not decide that the public disclosures involved here are analogous to disclosures made in lien notices or levies, and will not grant summary judgment on this ground. *See, e.g., Huff,* 10 F.3d at 1447 (involving disclosure of return information in three notices of tax levy sent to the plaintiffs' employers); *Flippo,* 670 F.Supp. at 642–43 (involving disclosures made in telephone calls to plaintiff's mother and former counsel made by a Revenue Officer).

## C.

■ The government also argues that after the filing of the Notice of Federal Tax Lien with the Oscoda County Register of Deeds on February 7, 1992, the Rowleys' tax information was a matter of public record. As a result, the government argues, the material was no longer confidential, and its disclosure did not violate the IRC.

There is a split in the circuits regarding whether a prior protected disclosure of tax return information eliminates the confidentiality protection for subsequent disclosures of the same information. The Sixth Circuit has not yet addressed this question.

Both parties cite cases supporting their respective positions. The Rowleys point to *Rodgers v. Hyatt,* 697 F.2d 899, 906 (10th Cir.1983) (holding that disclosure of taxpayer information by an IRS official was not justified by the fact that the information had been disclosed by the taxpayer's attorney in a previous judicial proceeding), and to *Chandler v. United States,* 687 F.Supp. 1515, 1518–1520 (D.Utah 1988), affirmed *per curiam* 887 F.2d 1397 (10th Cir.1989) (holding that the key issue is whether or not the disclosure is authorized, not whether or not it was previously disclosed; the fact that the tax information was disclosed in a prior proceeding is irrelevant).

The government points to several cases in support of its position that prior disclosure of the tax information eliminates the confidentiality protection of § 6103. *William E. Schrambling Accountancy Corp. v. United States,* 937 F.2d 1485, 1489 (9th Cir.1991) (holding that information placed on file at the County Recorder's office is no longer confidential and may be disclosed by the IRS without violation § 6103); *Lampert v. United States,* 854 F.2d 335, 337–338 (9th Cir.1988) (holding that tax information disclosed in a prior proceeding is not confidential and may be disclosed without violating § 6103); and *Thomas v. United States,* 890 F.2d 18, 21 (7th Cir.1989) (holding that it is not a violation of § 6103 if the information that is made public is from a public document).

The Ninth Circuit's argument in *Schrambling* is the most persuasive in these circumstances. Here, as in *Schrambling,* the information that was disclosed by the IRS was previously disclosed in a tax lien filed with the County Register of Deeds. The *Schrambling* Court stated: "... the purpose of recording the lien, unlike including the infor-

mation in court documents is to place the public on notice of the lien." 937 F.2d at 1489. The information that is placed on file at the Register of Deeds' Office is therefore not confidential and may be disclosed again by the IRS without violating § 6103. *Id.* In the cases cited by the Rowleys, tax information was disclosed in a judicial proceeding, not in a filing at the County Register of Deeds. As *Schrambling* noted, the sort of previous disclosure involved here—recording a tax lien at the County Register of Deeds—is designed to provide public notice and is thus qualitatively different from disclosures made in judicial proceedings, which are only incidentally made public. The material disclosed by the IRS here in the newspaper advertisement, sales notices, and in the information provided to prospective buyers is the same information that was recorded at the Register of Deeds' Office. *Schrambling* is persuasive in its conclusion that "information placed on file at the [Register of Deeds'] Office is 'no longer confidential and may be disclosed again without regard to section 6103.' " *Schrambling,* 937 F.2d at 1489 (quoting *Lampert v. United States,* 854 F.2d 335, 338 (9th Cir.1988)). The government is therefore entitled to summary judgment because the information involved in the complained of disclosures was no longer confidential after being placed on file at the Register of Deeds' Office.

### D.

The government argues that the disclosure of the Rowleys' tax information was made with a good faith interpretation of § 6103, and thus is protected under 26 U.S.C. § 7431(b). As the Court finds that summary judgment is proper because the information that was disclosed here was already a matter of public record, it need not address this issue.

### V.

For the reasons stated above, the government's Motion for Summary Judgment is GRANTED, and the case is DISMISSED.

SO ORDERED.