**Brian I. TANOUE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 95–00008ACK.

United States District Court, D. Hawai'i.

Aug. 1, 1995.

Stephen P. Pingree, Richard Paul McClellan, III, Honolulu, HI, for plaintiff.

Michael Chun, United States Attorneys Office, Honolulu, HI, J. Brian Ferrel, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

*ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

KAY, Chief Judge.

## BACKGROUND

Brian Tanoue ("Plaintiff") was interviewed by the Internal Revenue Service ("IRS") on several occasions in 1993 and 1994 during the course of a criminal tax investigation of David Chang. The IRS made recordings, memoranda, and notes of those interviews. On May 18, 1994, Plaintiff, as directed by summons, appeared before special agent Teraoka to give a handwriting exemplar. At the meeting Plaintiff refused to comply with the summons, refusing to give the exemplar. On August 17, 1994, the IRS filed a petition to enforce the summons. *United States v. Brian Tanoue*, Misc. No. 94–00096. The district court ordered Plaintiff to comply with the summons on February 16, 1995. Plaintiff has appealed the order.

By letter dated October 19, 1994, Plaintiff's attorney made a Freedom of Information Act ("FOIA") request on Plaintiff's behalf. He sought all statements, memoranda, notes and recordings of the interviews that Plaintiff gave on December 2, 1993, February 9, 1994 and May 18, 1994. On or about November 7, 1994, the parties agreed to extend the IRS's response deadline 30 days. After the IRS failed to respond, Plaintiff filed this action on January 5, 1995.

## STANDARD OF REVIEW

### I. Motion to Dismiss Standard.

■ On a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), Federal Rules of Civil Procedure, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proof that jurisdiction exists. *Thornhill Publishing Co., Inc. v. General Telephone & Electronics Corporation,* 594 F.2d 730, 733 (9th Cir.1979). "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency," whereupon the plaintiff must "present affidavits or any other evidence necessary to satisfy its burden." *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).

### II. Summary Judgment Standard.

■ Summary judgment shall be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial. *Id.* at 322, 106 S.Ct. at 2552. "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Electrical Serv. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987). Instead, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that

there is a genuine issue for trial. *Id.* At least some "significant probative evidence tending to support the complaint" must be produced. *Id.* Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978).

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987), *citing, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

The Ninth Circuit has established that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987). Moreover, the United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Indeed, "if the factual context makes the nonmoving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Franciscan Ceramics*, 818 F.2d at 1468 (emphasis original), *citing, Matsushita, supra,* 475 U.S. at 587, 106 S.Ct. at 1356. Of course, all evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. *T.W. Elec. Services*, 809 F.2d at 630–31.

## DISCUSSION

### I. Freedom of Information Act.

■ The Freedom of Information Act places a general obligation on agencies to disclose all information used in agency deci-

sion making, including information submitted by outside parties. *See* 5 U.S.C. § 552(a); *Chrysler Corp. v. Brown,* 441 U.S. 281, 292, 99 S.Ct. 1705, 1712, 60 L.Ed.2d 208 (1979); *Pacific Architects and Engineers v. United States Department of State,* 906 F.2d 1345, 1346 (9th Cir.1990). Subsection (b) of the Act, however, grants agencies the discretion to withhold nine classes of information. 5 U.S.C. § 552(b); *Chrysler,* 441 U.S. at 292–93, 99 S.Ct. at 1712–13. In particular, 5 U.S.C. § 552(b)(3) allows agencies to withhold information that is;

> specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matter to be withheld.

■ The Internal Revenue Code exempts many documents from disclosure under 26 U.S.C. § 6103(a). In particular, the statute states that a person's tax returns, and "return information" is confidential and cannot be released except under defined situations. Courts agree that § 6103 of the Internal Revenue Code is the sort of statute referred to by the FOIA in 5 U.S.C. § 552(b)(3). *DeSalvo v. Internal Revenue Service,* 861 F.2d 1217, 1219 (10th Cir.1988) (noting that the Third, Fifth, Ninth, Eleventh, and District of Columbia Circuits have all held that § 6103 applies as an exempting statute under FOIA). Accordingly, if § 6103 forbids the disclosure of material, it may not be produced in response to a request under the FOIA. *Church of Scientology of California v. Internal Revenue Service,* 484 U.S. 9, 11, 108 S.Ct. 271, 272, 98 L.Ed.2d 228 (1987); *Kamman v. IRS,* 56 F.3d 46, 47 (9th Cir. 1995).

### II. Motion to Dismiss Due to Lack of Subject Matter Jurisdiction.

■ The IRS contends that this Court lacks jurisdiction because Plaintiff has not exhausted his administrative remedies. FOIA requires parties to exhaust administrative remedies before seeking judicial review.

United States v. Steele (in re Steele), 799 F.2d 461, 465 (9th Cir.1986); Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 366 (D.C.Cir.1985); Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir.1979). Where a Plaintiff has not attempted to comply fully with agency procedures, a court should assert lack of jurisdiction under the exhaustion doctrine. Steele, 799 F.2d at 466; Hedley, 594 F.2d at 1044.

Each federal agency is required to publish in the Federal Register procedures to be followed in permitting access to its records under FOIA. See 5 U.S.C. § 552(a)(3)(B). In the instant case, 26 C.F.R. § 601.702(c) determines the process that a party must follow to gain access to the type of information Plaintiff seeks. Essentially, the party must identify themselves and the fact that they are making a FOIA request, send the request to the director of the IRS (where the records are located or to the local director), reasonably describe the records sought, and provide a return address for notification by the IRS of whether the request is to be granted or denied. In the case of a request for documents that are restricted by statute or regulation, such as the Privacy Act, the requestor must establish a right to the documents requested.

5 U.S.C. § 552(a)(6)(A)(i) requires agencies to determine within 10 days of receipt of a request for information whether or not the request will be granted. The agency must then immediately notify the person making the request of the determination and the reasons thereof. See also 26 C.F.R. § 601.702(c)(7)(iii) ("[I]f the IRS decides to deny a request, the person making the request will be so notified by mail. The letter of notification will ... contain a brief statement of the grounds for not granting the request in full.") Section 552(a)(6)(B) allows agencies up to 10 extra days to make their determination due to certain extenuating circumstances. Here, Plaintiff's filings with this Court show that the original request was filed on October 19, 1994. On or about November 7, 1994, the parties agreed to a 30 day extension. However, Defendants failed entirely to respond to Plaintiff's request before Plaintiff filed the current action, well beyond the 30 day extension period.

The IRS contends that it did not respond to Plaintiff's request because he did not submit a consent form signed by Mr. Chang. The IRS claims Chang's consent is needed because the information sought falls within the definition of Mr. Chang's "return information" and is therefore non-disclosable, except under certain defined situations, under 26 U.S.C. § 6301. It is Plaintiff's contention that the information sought is not the "return information" of Mr. Chang and that he did not need Chang's consent to obtain it.

■ The IRS cites two cases to support their premise that an improperly formatted request fails to satisfy the exhaustion requirement. Church of Scientology v. IRS, 792 F.2d 146 (D.C.Cir.1986); Marks v. Department of Justice, 578 F.2d 261 (9th Cir. 1978). Both of these cases, however, deal with situations where the requesting party did not provide the federal agency with sufficient information to reasonably direct the agency in its search for the requested documents. Moreover, these cases simply stand for the proposition that overly broad requests can be denied. The courts did not hold that the agencies could ignore the FOIA requests. For instance, the Mason court held that an agency could deny a request that did not adequately describe the documents requested after the agency made a good faith effort to locate such documents. Mason v. Callaway, 554 F.2d 129, 131 (4th Cir.1977). In the case at bar, the IRS failed to show that it even made an effort to locate the documents prior to Plaintiff's filing of this action. In any event, the IRS does not contend that Plaintiff's request was too broad; it contends that the information was privileged and that Plaintiff failed to establish a right to the information. That the IRS may conclude that the information is "return information" and unreleasable without consent does not mean that it can ignore the request. If the IRS decided to deny the request it was obligated under 5 U.S.C. § 552(a)(6)(A)(i) and 26 C.F.R. § 601.702(c)(7)(iii) to notify Plaintiff of the reasons for the denial.

■ Plaintiff's request was properly formatted and sufficiently explicit so as to direct the IRS to the requested documents. (Pl's. FOIA Req., Def's Mot. for Summ.J. Ex. A.) He gave names, dates and the subject matter of the documents requested. Furthermore, the IRS's request for an extension of the time requirement shows that it received Plaintiff's request.

5 U.S.C. § 552(a)(6)(C) states in pertinent part:

> Any person making a request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.

Since the IRS did not respond to Plaintiff's request within the agreed upon time limit, Plaintiff is deemed to have exhausted his administrative remedies. This Court therefore has jurisdiction to hear his complaint. The IRS's motion to dismiss for lack of jurisdiction is hereby DENIED.

### III. Motion for Summary Judgment.

■ The Government has the burden of proving that information is exempt from disclosure. *Kamman,* 56 F.3d at 47. The government contends that the information requested by Plaintiff falls within exception 3 of FOIA because it is "*return information*" which the government is prohibited from disclosing, except in limited situations, by 26 U.S.C. § 6103. The statute defines "return information" as:

> ... data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine,

or forfeiture, or any other imposition, or offense ...

26 U.S.C. § 6103(b)(2).

■ To support their contention, the IRS has submitted the declaration of Disclosure Officer Jerry Hiromoto, describing the information sought by Plaintiff and describing how it was received or prepared in connection with the investigation of the possible tax liability of Mr. Chang. Also, the Declaration of Special Agent John Teraoka supports a conclusion that the information was collected as part of an investigation of Mr. Chang. Accordingly, the Court finds that the information is the "return information" of Mr. Chang, and is exempt from disclosure to Plaintiff absent a waiver from Chang.[1] *See DeSalvo v. Internal Revenue Service,* 861 F.2d 1217, 1222 (10th Cir.1988); *Mason,* 554 F.2d at 131.

■ Plaintiff contends that his own statements cannot be Mr. Chang's "return information". This argument lacks merit. In determining whether information is "return information" the focus is on the individual whom the information pertains to, not the individual who gave the information. *Martin v. Internal Revenue Service,* 857 F.2d 722, 726 (10th Cir.1988). Also, "the identity of the requesting party has no bearing on the merits of his or her FOIA request." *United States Department of Justice et al. v. Reporters Committee for Freedom of the Press et al.,* 489 U.S. 749, 771, 109 S.Ct. 1468, 1480, 103 L.Ed.2d 774 (1989). "Congress 'clearly intended' the FOIA 'to give any member of the public as much right to disclosure as one with a special interest (in a particular document).'" *Id., quoting NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975); *See also, NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 221, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159 (1978). Therefore the fact that Plaintiff is asking for information that he provided the agency affords him no special treatment un-

---

1. Plaintiff asks this Court to conduct an in camera review of the requested information. [In camera] review remains appropriate in certain FOIA cases, provided the preferred alternative to in camera review—government testimony and detailed affidavits—has first failed to provide a sufficient basis for a decision.

*Pollard v. Federal Bureau of Investigation,* 705 F.2d 1151, 1153–54 (9th Cir.1983). The declarations submitted in this case provide the Court with sufficient basis to reach a decision. Thus, in camera review is unnecessary.

der FOIA. The basic character of the information remains the same; it is still "return information" of Mr. Chang and therefore exempt from disclosure.

Plaintiff also seems to imply that he too was a target of the investigation, and that therefore the information he requests pertains as much to him as it does to Mr. Chang. The only document that supports Plaintiff's contention is Plaintiff's Concise Statement of the Facts. The affidavits filed in this case do not support Plaintiff's allegation. As set forth above, Plaintiff may not rely on mere allegations in the pleadings in order to avoid summary judgment. *T.W. Electrical Serv.,* 809 F.2d at 630.

Plaintiff raises the additional argument that return information that has been disclosed to the public is no longer confidential or protected from further disclosure. *Schrambling v. United States,* 937 F.2d 1485, 1490 (9th Cir.1991), *cert. denied,* 502 U.S. 1066, 112 S.Ct. 956, 117 L.Ed.2d 123 (1992); *Lampert v. United States,* 854 F.2d 335, 338 (9th Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1931, 104 L.Ed.2d 403 (1990). The above cases cited by Plaintiff involve information that was made a matter of public record as a result of tax liens filed by the government. When the IRS files a tax lien it is allowed to disclose certain information. *See Farr v. United States,* 990 F.2d 451, 455 (9th Cir.1993) ( [26 U.S.C. § ] 6103(k)(6) provides that the IRS may disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available ... with respect to the enforcement of any other provision of this title [tax regulation and enforcement] ). 26 C.F.R. § 301.6323(f)– 1(a)(3)(d)(1) provides that notice of a tax lien shall be filed on "Form 668." The form requires the IRS to reveal the type of tax owed, the tax period, the taxpayer's social security or tax ID number, the date of the assessment, the last day the taxpayer may refile, and the unpaid balance of the assessment. That information is then made part of the public record by the filing of the lien with the appropriate governmental agency pursuant to 26 C.F.R. § 301.6323(f)–1(a).

In *Schrambling* and *Lampert,* the courts were faced with situations where taxpayers were trying to prevent the government from publicizing return information. In both cases the government argued that the information was already a matter of public record and therefore its further release did not violate confidentiality provisions. *Schrambling,* 937 F.2d at 1487 (return information disclosed in federal tax levies previously disclosed in notices of federal tax liens recorded in the County Recorder's office); *Lampert,* 854 F.2d at 336 (government issued a press release detailing the prior filing of actions against various individuals). The Ninth Circuit held in *Lampert* that once return information is lawfully disclosed in a court proceeding, a directive to keep the information confidential is moot. 854 F.2d at 338. It does not follow that once the existence of a document, or certain information contained in the document, has been made public the entire document or other related information is similarly released. *See Husby v. United States,* 672 F.Supp. 442, 444 (N.D.Cal.1987) (limiting the right of subsequent disclosure of return information to only that information actually disclosed in the judicial proceedings).

In determining whether a taxpayer's return information is a matter of public record, the relevant inquiry is whether the prior authorized disclosure destroys the confidential nature of the information. *Schrambling,* 937 F.2d at 1488–89. The information contained in a notice of tax lien is public information precisely because anyone can go down to the relevant agency and obtain a copy of the filed document. In other words, the information contained on the form is no longer confidential. On the other hand, the documentation filed with a tax lien does not contain information revealing how the taxpayer makes her living, keeps her money or prepares her taxes. That type of information remains confidential.

In the present case the facts which are a matter of public record are: (1) that Mr. Chang is or was the subject of an investigation; and (2) that Plaintiff gave certain statements to the IRS in relation to the investigation. Anyone can go down to the federal court and discover that information

by looking at the files of this and related cases. The files do not, however, contain the contents of Plaintiff's interviews with the IRS, or the associated documents prepared by IRS agents. In short, if that information were truly a matter of public record then anyone, including Plaintiff, would already have access to it. That Plaintiff has to file a suit to attempt to get the information is evidence that the information is not a matter of public record.

█ Plaintiff further suggests that he is entitled to his statements under Fed.R.Civ.P. 26(b)(3) or Fed.R.Crim.P. 16(a)(1)(A). Rule 26, governing litigants' duty to disclose information during discovery provides in part that a "person not a party may obtain without the required showing [of substantial need] a statement concerning the action or its subject matter previously made by that person." While this rule may provide Plaintiff a right of access to the statements which he made to the IRS in a civil action brought against Mr. Chang, *See Griffith Co. v. NLRB*, 545 F.2d 1194, 1197 n. 3 (9th Cir.1976) (statutes are superseded by conflicting federal rules), it is not an appropriate argument for purposes of this FOIA action. *Cf. Steele*, 799 F.2d at 466 (FOIA not to be used as a substitute for the traditional means of discovery).

Likewise, Plaintiff improperly cites to criminal rule 16 as authority for his request. Rule 16 allows a defendant in a criminal proceeding to obtain, through discovery, any statement made by that defendant. Plaintiff is not presently a defendant in a criminal proceeding where discovery is an option.

Plaintiff has requested, and the IRS has agreed, that Plaintiff be granted 10 days to submit a waiver or consent to disclosure signed by Mr. Chang. Defendant has agreed to respond in ten working days from receipt of a properly executed written consent, signed by Mr. Chang. In the interests of expediency and judicial economy, the Court agrees to retain jurisdiction over this action pending resolution of Plaintiff's request.

## CONCLUSION

For the above reasons, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(1) is DENIED. Defendant's motion for summary judgment is GRANTED. The Court retains jurisdiction over this action pending resolution of Plaintiff's submission of a consent form to the IRS.

IT IS SO ORDERED.